**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 01-20168
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANCIL ALLEN HERVEY,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CR-551-1
-------------------------------------------------------------
December 26, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Mancil Allen Hervey appeals the sentence he received following his guilty-pleas conviction for mail fraud in violation of 18 U.S.C. § 1341.

With a base offense level of 12 and a criminal history category of I, Hervey was subject to a sentencing range of ten to sixteen months imprisonment. U.S.S.G. Ch. 5, Pt. A. Hervey argues that the district court erred in granting the Government's motion for downward departure and then sentencing him to fourteen months' imprisonment. Hervey made an informed and knowing waiver of his right to appeal except in the case where the sentence imposed exceeded the statutory maximum or where the sentence constituted an upward departure from the guideline range. Because neither

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of those conditions are implicated by the sentence imposed by the district court, this court is precluded from reviewing this issue. See United States v. Dees, 125 F.3d 261, 269 (5th Cir. 1997).

Hervey also claims that the Government breached his plea agreement by moving for a downward departure and then recommending a sentence of twelve months' imprisonment because that sentence fell within his original sentencing range. Hervey did not object to the Government's actions at sentencing; therefore, they are reviewed for plain error. See United States v. Wilder, 15 F.3d 1292, 1301 (5th Cir. 1994); United States v. Goldfaden, 959 F.2d 1324, 1327 (5th Cir. 1992).

The Government did not breach the terms of the plea agreement. It dismissed two other counts of mail fraud against Hervey, it did not oppose a reduction in base offense level for acceptance of responsibility, and it did not request an upward departure. The Government was not obliged by the terms of the agreement to move for a downward departure pursuant to U.S.S.G. § 5K1.1. Nor was the Government obliged to recommend any certain sentence within a lower guideline range if it did exercise its discretion to file such a motion. Accordingly, the district court's judgment is AFFIRMED.